Bosworth, J.
This action is upon a note made by H. Storms, payable to the order of, and endorsed by C. Schaffer Storms. They put in a joint answer, which is verified by only H. Storms. The plaintiff moves to strike out the answer of C. S.. Storms, on the ground that it is not verified by him.
The defendant contends that the two defendants are “ united in interest," and that the verification by H. Storms is a compliance with § 157 of the code. They are not united in interest unless the fact that the defence of each is identical with that of the other, makes them so. Their contracts are several, and at common law they must have been sued separately. The fact that the defence of both is the usurious inception of a note, for a part of which this note was given after the maturity of the first, does not make them “ united in interest.” Their liability is several. The causes of action are separate and distinct, and as much so as if their names were to contracts on different pieces of paper, of different dates, and made on distinct and different considerations.
Parties within the meaning of § 167 of the code, are “ united in interest” only when they stand in the same position, and the cause of action, which exists against one, exists against all. But partners liable on separate and distinct contracts, instead of being united in interest, have separate and independent interests. The contrary would not probably be assumed in this case, if it were not for the fact that the answer states the note was made for the accommodation of the payee, C. S. Storms. Assuming, for the purpose of this motion, that such allegation is *610 true, if it proves any thing bearing on this point, it is this : that as between the defendants themselves, Henry Storms has no interest in the matter. The result of the action, as between themselves, concerns only the payee, for whose accommodation the note was made, and the answer is not verified by him. As between the two, he is, substantially, the only party defendant. As to the plaintiff, they are defendants severally liable (Code, § 120). The meaning of the words “ united in interest,” as used in § 157, is the same as that of the same words as used in § 119. In the latter it clearly means joint promissors, obligors, and the converse, or at least parties occupying the same position in respect to the alleged cause of action.
The defendant is entitled to have the answer stricken out as to C. S. Storms. I think it should be without costs, as the practice in this respect does not seem to be settled. The motion implies that plaintiff’s counsel deems the answer good in form and substance, except as to the verification, and there is no doubt of the good faith of the defendants’ counsel suggested. Under such circumstances, I should give liberty to verify the answer, if it contained the show of a defence. It is, however, clearly frivolous, and if a motion for judgment thereon had been made, under § 247, it must have been g-ranted. (2 Sandford S. C. R. 85.) The answer does not even aver that any part of the usury covered by the first note is included in this.