RICHARD REED, RECEIVER, &c. v. THOMAS BUTLER AND HAR-RIET E. BUTLER.

In an action against husband and wife, where her interest is separate and distinct from her husband's, a joint answer must be verified by both.

A joint answer of several defendants, who are not united in interest, must be verified by all.

AT SPECIAL TERM, *April* 2, 1860.

Motion to strike out a joint answer of husband and wife, for want of a sufficient verification. The action was brought by the plaintiff as receiver appointed in supplementary proceedings instituted by a judgment creditor of the defendant, Thomas Butler, to set aside a conveyance of certain property to the defendant Harriet, his wife, on the ground that it was purchased and paid for by him and with his money, and therefore the conveyance to the wife was void as to his creditors. The complaint was verified. The defendants answered jointly, denying that the

property was purchased and paid for by the husband, and claiming the property as the separate estate of the wife, and she alone verified the answer.

*F. H. B. Bryan & Francis S. Bryan*, for the motion, cited *Leavitt* v. *Cruger*, 1 Paige, 421; *Hilton* v. *Bennett*, 4 Simons, 17; 2 Barb. Ch. Pr. 88, 89, 150, 151, 152; *Perine* v. *Swaine*, 1 John. Ch. R. 24; *Chemical Co.* v. *Flowers*, 6 Paige, 654; *Andrews* v. *Storms*, 5 Sandf. S. C. 609; *Youngs* v. *Seely*, 12 How. 395.

*Miller, Peel & Nichols*, opposed.

DALY, First Judge.—The answer is not sufficiently verified. It purports to be the joint answer of both defendants, who are husband and wife, and is verified by the wife alone. If it is relied upon as the answer of both, it must be verified by both, because they are not united in interest, which is the only case under the Code where a joint answer can be verified by one of the parties only. If the conveyance by Howland to Mrs. Butler is valid, the land is her separate estate, which she has a right to dispose of independently of her husband. The action in that case would have to be dismissed, and her interest, upon that question, is separate and distinct from that which her husband has in the action. *Youngs* v. *Seely and wife*, 12 How. 395; *Andrews* v. *Storms*, 5 Sandf. 609. If the conveyance to her is held to be fraudulent, then she has no further interest in the action, as the relief asked for in that event, is that the land, or so much of it as may be necessary, be sold and applied to the payment of the judgment against Butler, a matter in which he alone has an interest. This motion, therefore, must be granted, with liberty to Mrs. Butler to put in a separate answer if she is so advised, or a joint answer verified by both defendants, upon the payment of $10 costs of this motion.

Ordered accordingly.